# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50812
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL DIEGO-MATEO,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-801-1

———————————————————

Before CLEMENT, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Miguel Diego-Mateo pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). The district court sentenced him to thirty months of imprisonment and three years of supervised release. On appeal, Diego-Mateo argues for the first time that his sentence is unconstitutional because it was enhanced under § 1326(b)(1) based on a prior

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50812

felony conviction that was neither alleged in the indictment nor mentioned in his guilty plea. The government has moved for summary affirmance, or alternatively, for an extension of time within which to file a merits brief. Diego-Mateo takes no position on the government's motion. He correctly acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019).

Because the only issue before us is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.